IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PSI SEMINARS | No. C 12-04711 SI |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| LB SEMINARS FOR LIFE SUCCESS AND LEADERSHIP, 0760438 B.C., LTD., BILHAR SINGH DOSANJH, and LITTLEY HALLATE-DOSANJH, | |
| Defendants. | |

Defendant Littley Hallate-Dosanjh's motion to dismiss is currently scheduled for hearing on February 8, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. The parties' Case Management Conference set for February 8, 2013 at 3:00 pm remains on calendar. For the reasons set forth below, the Court DENIES defendant's motion.

## BACKGROUND

**I.    The Parties**

Plaintiff PSI Seminars ("PSI") is a Delaware limited-liability company that specializes in personal development training. Compl. ¶ 24; Declaration of Shirley Hunt in Support of Plaintiff's Opposition to Motion to Dismiss ("Hunt Decl.") ¶ 3. PSI maintains its principal place of business in Clearlake Oaks, California. Compl. ¶ 1; Hunt Decl. ¶ 6. Shirley Hunt is the president of PSI Seminars. Hunt Decl. ¶ 1.

PSI offers a four-tiered curriculum in which completion of the preceding tier is necessary to enroll in the next tier of training. Compl. ¶ 25; Hunt Decl. ¶¶ 4–5. PSI's four seminar tiers are: (1) PSI Basic Seminar ("Basic"); (2) PSI-7 Seminar ("PSI-7"); (3) Men's Leadership Seminar or Women's Leadership Seminar ("LS"); and (4) Principia. Compl. ¶ 25; Hunt Decl.¶ 4. PSI offers PSI-7, LS and Principia seminars exclusively at its headquarters in Clearlake Oaks, California; participants, however, may complete Basic courses elsewhere. Compl. ¶ 27; Hunt Decl.¶ 6.

Defendants LB Seminars for Life Success and Leadership ("LB Seminars") and 0760438 B.C., Ltd. ("0760438 B.C.") are corporations under the laws of British Columbia. Declaration of Littley Hallate-Dosanjh in Support of Motion to Dismiss ("Hallate-Dosanjh Decl.") ¶ 2. Hallate-Dosanjh asserts that in or about 1997, LB Seminars entered into an agreement with PSI Seminars to offer certain seminars. *Id.* ¶ 3. The president of PSI contends that LB Seminars agreed to serve as the exclusive provider of PSI Basic courses in Canada. Compl. ¶ 28; Hunt Decl.¶ 7. According to Hallate-Dosanjh, LB Seminars terminated the contractual relationship with PSI on or about July 25, 2012. Hallate-Dosanjh Decl. ¶ 4.

Defendants Littley Hallate-Dosanjh and her husband Bilhar Singh Dosanjh are the sole directors and officers of both LB Seminars and 0760438 B.C. Hallate-Dosanjh Decl. ¶ 2. Both Hallate-Dosanjh and Dosanjh are residents of British Columbia. *Id.* ¶ 1. According to the President of PSI, Hallate-Dosanjh was the only person PSI interacted with concerning the financial matters involved in the contractual relationship between PSI and LB Seminars. Hunt Decl. ¶ 12. Hallate-Dosanjh was also allegedly involved in planning, coordinating and hosting Basic courses for PSI. *Id.* ¶ 13.

**II.    The Underlying Factual Allegations**

PSI asserts that the parties' agreement provided that LB Seminars would offer students the opportunity to attend PSI-7 courses at PSI's headquarters in California. Hunt Decl. ¶ 8. The parties would allegedly share revenue from tuition for advanced PSI seminars purchased by Canadian students at the conclusion of the Basic course. *Id.* Plaintiff contends that some time in 2012, LB Seminars began to offer their own PSI-7 seminars that competed with PSI, thereby violating the parties' contract. *Id.* ¶ 7. PSI alleges that LB Seminars also misrepresented to students that PSI-7 training was available

in Canada without the need to travel to California, and misrepresented that LB Seminars' "pseudo-PSI-7" seminar served as a valid prerequisite for PSI's LS and Principia seminars. *Id.* ¶ 16.

### III. Defendant's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

On September 10, 2012, PSI filed its complaint against LB Seminars, 0760438 B.C., Bilhar Singh Dosanjh, and Littley Hallate-Dosanjh in this Court. PSI alleges breach of contract, breach of implied covenant of good faith and fair dealing, and unfair competition against LB Seminars; PSI also alleges tortious interference with prospective economic advantage and unjust enrichment against all defendants. Compl. ¶¶ 40–70. On October 16, 2012, defendants filed civil claims against PSI and Shirley Hunt for defamation, intentional interference with economic interests, and breach of contract, in the Supreme Court of British Columbia. Littley Hallate-Dosanjh's Motion to Dismiss ("MTD") at 3:13–16. On December 20, 2012, Littley Hallate-Dosanjh filed this motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. 14.

Hallate-Dosanjh argues that this Court lacks both general and specific jurisdiction over her. MTD at 1:28–2:2. PSI concedes that the contacts necessary for general jurisdiction are not present. PSI Seminars' Opposition to Motion to Dismiss ("Opp.") at 9:16–17. PSI, however, argues that this Court can exercise specific jurisdiction over Hallate-Dosanjh because LB Seminars and Hallate-Dosanjh purposefully directed activities at California, PSI's claims arise out of Hallate-Dosanjh's activities in California, and the exercise of jurisdiction over Hallate-Dosanjh is reasonable.

### LEGAL STANDARD

Where there is no federal statute applicable to determine personal jurisdiction, a district court should apply the law of the state where the court sits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California's long-arm statute only requires that the exercise of personal jurisdiction comply with federal due process requirements. *Id.* at 800–01.

In order for a court to exercise specific personal jurisdiction in accordance with due process, a nonresident defendant "must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co.*

3

1 *v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). The Ninth Circuit employs a three-part test to determine whether the defendant has minimum contacts with a forum state. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997). First, the "nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum," thereby invoking the benefits and protections of the forum state. *Id.* (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). Second, the claim must "arise[] out of or result[] from the defendant's forum-related activities," and third, the exercise of personal jurisdiction over the defendant must be reasonable. *Pebble Beach Co.*, 453 F.3d at 1155. The plaintiff bears the burden of proving the first two conditions. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If the plaintiff carries this burden, "the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Schwarzenegger*, 374 F.3d at 802).

If a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citation omitted). Unless directly contravened, the plaintiff's version of the facts is taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Id.* (citation omitted).

**DISCUSSION**

**I.      Purposeful Direction.**

To exercise specific personal jurisdiction, the Court must first find that Hallate-Dosanjh purposefully directed her conduct at California. "*Calder* stands for the proposition that purposeful availment is satisfied even by a defendant 'whose only contact with the forum state is the purposeful direction of a foreign act having effect in the forum state.'" *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (quoting *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986)). In *Calder*, the Supreme Court held that California courts could exercise jurisdiction

4

over an editor and a reporter who caused a defamatory article about a California resident to be published in Florida and circulated in California, because the tortious conduct was "expressly aimed" at California where the harm occurred. *Calder v. Jones*, 465 U.S. 783, 788–89 (1984). To determine whether purposeful direction exists, the Ninth Circuit applies a three-part "effects test" derived from *Calder*: "the defendant allegedly must have (a) committed an intentional act, (b) expressly aimed at the forum state, (c) causing harm that the defendant knows is likely to be suffered in the forum state." *Fiore v. Walden*, 688 F.3d 558, 576 (9th Cir. 2011) (internal quotations omitted).

Here, PSI asserts a tort claim against Hallate-Dosanjh so a purposeful direction analysis is sufficient to determine specific personal jurisdiction. *See Calder* at 788–89; Compl. ¶ 54.

### A. Intentional Act.

A plaintiff alleges an intentional act when the plaintiff identifies "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. PSI's unrebutted allegation that the defendants created a new PSI-7 course is sufficient to show an intentional act. *See* Hunt Decl. ¶ 7.

### B. Express Aiming.

The Ninth Circuit has held that, "[the express aiming] requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), *modified on other grounds*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206–07 (9th. Cir. 2006) (clarifying that "the 'brunt' of the harm need not be suffered in the forum state"). In tort cases in particular, where specific jurisdiction is properly exercised despite the non-resident's absence of physical presence in the forum state, there must be "individualized targeting." *Bancroft & Masters, Inc.*, 223 F.3d at 1088. What constitutes individualized targeting has varied from case to case, but subsequent Ninth Circuit case law has made clear that where a defendant's alleged conduct intentionally and specifically targets the plaintiff and his or her activities in the forum state, the exercise of specific jurisdiction is consistent with *Calder*. *See Fiore*, 688 F.3d

5

at 577–78 (express aiming inquiry turns on whether the "intended impact . . . is either local or undifferentiated" or "an intended impact . . . is targeted at a known individual who has a substantial, ongoing connection to the forum"); *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129–30 (9th Cir. 2010) (holding that the out-of-district defendant's alleged infringement of the plaintiff's internet-based materials that put it in direct competition with the plaintiff's business constituted express aiming); *cf. Schwarzenegger*, 374 F.3d at 807 (holding that the Ohio defendant's unauthorized use of the California plaintiff's likeness in local Ohio advertisements did not constitute express aiming, because the "express aim was local").

The Court concludes that Hallate-Dosanjh's conduct was expressly aimed at California because she directly targeted PSI and its professional activities in California, the undisputed site of PSI's business operations. According to the President of PSI and not contradicted by defendant, Hallate-Dosanjh was "certainly aware" that PSI's headquarters was located in California because of e-mails, faxes, and telephone calls. Hunt Decl. ¶ 14. In addition, Hallate-Dosanjh allegedly made personal efforts to coordinate Canadian students' enrollment in advanced PSI seminars held at the California headquarters. *Id.* If, as plaintiff alleges, Hallate-Dosanjh and LB Seminars previously directed students who had completed the Basic course in Canada to PSI's facility in California for advanced training, then Hallate-Dosanjh and LB Seminars' creation of a new PSI-7 course in Canada would allow it to secure tuition payments otherwise payable to PSI. Opp. at 11:9–11. As a result, Hallate-Dosanjh targeted PSI in allegedly attempting to undercut PSI's business in California.

### C. Foreseeable Harm.

PSI has also met its burden of showing that Hallate-Dosanjh anticipated her conduct would cause harm to PSI in the forum state. Plaintiff asserts, and Hallate-Dosanjh does not contradict, that she knew that PSI's headquarters were in California and that advanced PSI courses were offered exclusively in California. Hunt Decl. ¶ 14. As such, it was entirely foreseeable that the creation of the new PS-7 course in Canada would reduce student enrollment and cause financial harm to PSI in California.

**II.   Relation to Defendant's Forum-Related Activities and Reasonableness of Exercising Personal Jurisdiction.**

PSI's claims arise directly out of LB Seminars' and Hallate-Dosanjh's contacts with the forum because they stem from LB Seminars' long-standing business relationship with a company that maintains its headquarters in California. *See Schwarzenegger*, 374 F.3d at 802.

Further, Hallate-Dosanjh fails to make a "compelling case" that the exercise of personal jurisdiction over her would be so unreasonable as to amount to a violation of due process. *Id.* Hallate-Dosanjh argues that personal jurisdiction over her would be unreasonable because defendants are Canadian, Canada has a greater interest in adjudicating the dispute than does California, defendants have filed a civil claim against PSI in Canada, PSI would not be inconvenienced by travel to Canada, and "all the witnesses and evidence are in Canada." Littley Hallate-Dosanjh's Reply in Support of Motion to Dismiss at 10:9–24. In deciding whether the exercise of jurisdiction would be reasonable, the Court considers seven factors: "(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Harris Rutsky & Co. Ins. Servs.*, 328 F.3d at 1132 (quoting *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487–88 (9th Cir. 1993)). The Court balances all seven factors and no one factor is dispositive. *Id.*

Here, the balance of the factors does not show that the exercise of jurisdiction over Hallate-Dosanjh would be unreasonable. First, Hallate-Dosanjh and LB Seminars entered into a long-standing business relationship with a company headquartered in CA, thereby interjecting themselves into California's affairs to a significant extent. *See* Hunt Decl. ¶¶ 11–14. Second, there would undoubtedly be some burden on Hallate-Dosanjh to litigate in California, as she is not a California resident, but there would be a comparable burden on PSI to litigate in Hallate-Dosanjh's alternative venue of British Columbia. Third, a significant number of witnesses and documents regarding the parties' business relationship are likely to be in California, even if other witnesses reside in Canada. *See* Hunt Decl. ¶¶ 7–10, 14. Finally, California has an interest in providing a forum to its companies to remedy tortious

injury, so this factor weighs in favor of personal jurisdiction. Taking these factors together, the Court finds that it would not be unreasonable to exercise personal jurisdiction over Hallate-Dosanjh.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Hallate-Dosanjh's motion to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: February 1, 2013

SUSAN ILLSTON
United States District Judge